IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-302-JED-FHM |
| | ) |
| THE FRATERNAL ORDER OF POLICE- | ) |
| LEGAL PLAN, INC., a corporation, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff Gary Anderson's Motion to Remand and Brief in Support (the "Motion") (Doc. 10), which defendant the Fraternal Order of Police-Legal Plan, Inc. has opposed (Doc. 11). For the reasons discussed below, plaintiff's Motion is **denied**.

**I.   Background**

Plaintiff initiated this lawsuit in the Tulsa County District Court on May 20, 2016. (Doc. 1, Exh. 1). Plaintiff's state court petition alleges that he was employed as a law enforcement officer by the City of Miami, Oklahoma until his termination in 2010. During his employment, plaintiff was a member of the Fraternal Order of Police ("FOP"), which offers its members the opportunity to participate in a self-funded legal plan (the "Plan") that covers certain legal defense costs. In 2010, plaintiff initiated legal proceedings challenging his termination. In accordance with his Plan membership, plaintiff routinely submitted legal billing expenses to defendant. Plaintiff's lawsuit alleges that defendant failed to pay for a portion of his legal expenses, which caused him to suffer damages exceeding $10,000. (*Id.*, ¶¶ 3-5). Plaintiff also seeks punitive damages in an amount over $10,000.

1

Defendant removed the case on May 24, 2016, asserting that this Court has federal question jurisdiction over plaintiff's claim. (Doc. 1 at 2). Specifically, defendant's Notice of Removal states that plaintiff's lawsuit claims recovery of benefits pursuant to an employee benefits plan that is "exclusively governed" by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*Id.*). Defendant asserts that this Court has original jurisdiction under 28 U.S.C. § 1331 under the complete preemption doctrine. Plaintiff's Motion does not address preemption, but instead argues that ERISA does not govern the Plan and thus the case should be remanded. (Doc. 10 at 2).

## II.    Legal Standard

"Federal courts are 'courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Sunshine Haven Nursing Operations, LLC v. U.S. Dep't of Health & Human Servs.*, 742 F.3d 1239, 1246 (10th Cir. 2014) (quoting *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012)). District courts have original jurisdiction over federal question cases, that is, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In a defendant's removal action based on federal question jurisdiction, the defendant bears the burden of establishing that removal was proper on this basis. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003).

"In determining the existence of federal question jurisdiction, courts are 'guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law.'" *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (quoting *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006)). A plaintiff may therefore "'prevent removal to federal court by choosing not to plead a federal claim even if one is available.'" *Id.*

2

(quoting *Turgeau*, 446 F.3d at 1060). However, the doctrine of complete preemption is "'a corollary or an exception to the well pleaded complaint rule,' under which 'a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim necessarily federal in character.'" *Id.* (quotation omitted); *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004). The Supreme Court has recognized "only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011). Thus, the complete preemption doctrine allows a state law claim to be converted into a federal claim for purposes of federal question jurisdiction and the well-pleaded complaint rule. *Felix*, 387 F.3d at 1156.

## III. Discussion

First, the Court must assess whether the Plan is governed by ERISA. If the answer is yes, the dispositive question before the Court becomes whether plaintiff's claim is completely preempted by ERISA. *See Salzer*, 762 F.3d at 1134. It is defendant's burden to demonstrate that removal is proper under the ERISA doctrine of complete preemption. *See Karnes*, 335 F.3d at 1193.

### A. ERISA-Regulated Plan

A plan is subject to ERISA regulation if it is "established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries . . . prepaid legal services." 29 U.S.C. § 1002(1). ERISA does not apply to government plans, defined as plans "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof,

or by any agency or instrumentality of any of the foregoing." ERISA § 3(32), 29 U.S.C. § 1002(32); *see McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1257 (10th Cir. 1998).

Plaintiff's Motion attaches as exhibits the Legal Defense Plan Brochure and Legal Defense Plan Description ("Plan Description"). (Doc. 10, Exh. 1). The Plan Description provides that participation in the Plan is limited to "active FOP members in good standing" who are employed with federal, state, or local government law enforcement agencies. (*Id.* at 4). The Plan offers its participants three options for coverage of legal defense costs related to administrative, civil, and criminal proceedings arising "directly out of the Participant's activities in the scope of employment." (*Id.* at 8). In particular, Coverage A applies to the "[l]egal defense or . . . other appropriate legal challenge to administrative discipline, sanction or proceeding" including the participant's dismissal, "where such discipline or sanction arises directly out of the Participant's activities in the scope of employment." (*Id.*).

While plaintiff's Motion appears to allege that ERISA does not govern because the governmental plan exception applies, his Reply asserts that he "did not argue defendant was a government plan and therefore not governed by ERISA."[1] (Doc. 12 at 2, ¶ 3). It is unclear precisely what plaintiff attempts to argue, nor do the two cases cited by plaintiff support his argument for remand. Both cases are distinguishable because the plans at issue were not legal services plans, nor did they limit eligibility to members in good standing with a particular organization. *See Wis. Educ. Asso. Ins. Tr. v. Iowa State Bd. of Pub. Instruction*, 804 F.2d 1059, 1061 (8th Cir. 1986) (tax exempt trust was not an employee benefit plan for purposes of ERISA because 30% of individuals receiving benefits were not members of the labor union maintaining

---

[1] Indeed, plaintiff's Motion cites the ERISA provision for the governmental plan exception. (Doc. 10 at 4).

the trust); *National Business Conference Employee Benefit Association v. Anderson*, 451 F. Supp. 458 (S.D. Iowa 1977) (medical insurance plan open to any individual in an employer-employee relationship was not an employee benefit plan). Plaintiff has provided no binding or persuasive authority to demonstrate that the Plan in this case, which makes repeated reference to plaintiff's rights under ERISA, is not in fact an ERISA plan.

The Court disagrees with plaintiff's assertion that ERISA does not govern this Plan, particularly in light of persuasive authority suggesting otherwise. *See Ferreyra v. Fraternal Order of Police Legal Plan, Inc.*, 53 F. Supp. 3d 69, 72 (D.D.C. 2014) (construing FOP Legal Plan as an ERISA employee benefit plan in plaintiff's lawsuit to recover benefits pursuant to ERISA enforcement provision). Moreover, the plan falls under ERISA's definition of an employee benefit plan because, as defendant states, it is administered by FOP Grand Lodge, an employee organization, and provides its members benefits in the form of coverage for legal services and associated expenses. *See* 29 U.S.C. § 1002(1); (Doc. 11 at 1, 6).[2] The Court is also persuaded by the fact that the Plan cites ERISA's enforcement provision as the remedy for a participant to challenge a denial of benefits. (Doc. 11 at 4, 6). In sum, the Plan is an ERISA-regulated employee benefit plan.

---

[2] The Seventh Circuit has acknowledged the lack of case law defining the precise scope of the term "prepaid legal services" for purposes of ERISA, but noted that it should not be interpreted narrowly. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005). There, the court reversed and remanded the case based on the district court's erroneous determination that the legal services plan, which was limited to employment-related matters, did not qualify as a "prepaid legal services" plan under ERISA. In reaching its conclusion, the Seventh Circuit cited the Black's Law Dictionary definition for prepaid legal services: "An arrangement—usually serving as an employee benefit—that enables a person to make advance payments for future legal services." *Id.* at 731 (citing Black's Law Dictionary 1220 (8th ed. 2004)). The Court concludes that the plain meaning of the statute and the definition referenced above provide additional support that the Plan is governed by ERISA.

### B. Complete Preemption

The Court must next determine whether defendant has met its burden to demonstrate that ERISA completely preempts plaintiff's claim. "[C]auses of action within the scope of the civil enforcement provision of [ERISA] § 502(a) [are] removable to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). ERISA's civil enforcement provision allows a plan participant to initiate a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has set forth a two-part test to determine whether a plaintiff's claim falls within the scope of § 502(a)(1)(B): (1) the plaintiff, "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by [the] defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Stated differently, "if a state-law claim is for benefits due or claimed under an ERISA-regulated plan, or to enforce or clarify rights under a plan, and no legal duty independent of ERISA is implicated in the claim, then the state-law suit falls within § 502(a) and may be removed to federal court." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011).

In assessing whether plaintiff's state breach of contract claim is completely preempted under ERISA, the Court may rely on the plaintiff's filings, any relevant statutes cited therein, and the plan documents. *See Davila*, 542 U.S. at 210. Plaintiff's petition asserts a single claim for benefits under the Plan and makes no reference to any Oklahoma statutes. (Doc. 1, Exh. 1). Section 27 of the Plan Description is entitled "ERISA Rights," and states that Plan participants are "entitled to certain rights and protections under ERISA." (Doc. 10, Exh. 1 at 18-19). Importantly,

the Plan Description provides that a "claimant has a right to bring a civil action under Section 502(a) of [ERISA] following an adverse benefits decision upon appeal and review." (*Id.* at 25).

Here, the Court finds that defendant has met its burden to show that plaintiff's claim satisfies both prongs of the *Davila* test. The first prong is satisfied if the plaintiff asserts rights to which he is entitled "only because of the terms of an ERISA-regulated employee benefit plan." *Davila*, 542 U.S. at 210. As discussed above, the Plan is regulated by ERISA. Plaintiff's Motion itself states that he initiated the suit "to enforce his rights under the [Plan]" (Doc. 10 at 1), which as the Plan Description makes clear, are guaranteed to plaintiff under ERISA. (Doc. 10, Exh. 1 at 25). It is therefore clear that plaintiff's claim is not capable of resolution without an interpretation of the ERISA-governed employee benefit plan before the Court. Because plaintiff "could have brought his claim under ERISA § 502(a)(1)(B)," the first prong is met. *See Davila*, 542 U.S. at 210.

The second prong requires that no "independent legal duty" other than ERISA is implicated. *Id*. The Court likewise concludes that defendant has satisfied its burden as to this prong. Defendant argues that plaintiff's sole claim is a state law claim for breach of contract arising under the Plan. (Doc. 11 at 7). The Court agrees. Specifically, plaintiff has not cited any state statute in his petition, and has not asserted any claim arising from a contract or agreement other than the Plan.[3] Nor has plaintiff made any attempt to plead or identify for the Court any legal duty implicated by defendant's actions that is independent of ERISA.

---

[3] To the extent that plaintiff's allegations of bad faith, negligence, and emotional distress are premised on state law, the Court concludes that such claims "relate to" plaintiff's denial of benefits and are therefore preempted under ERISA § 514(a). This provision, which the Tenth Circuit has deemed is "deliberately expansive," *Metro. Life Ins. Co. v. Hanslip*, 939 F.2d 904, 906 (10th Cir. 1991), provides that "any state law relating to any ERISA plan is preempted." 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) ("The common law causes of action raised in [the plaintiff's] complaint, each based on alleged improper processing of a claim for

The facts of this case stand in stark contrast to those in *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130 (10th Cir. 2014), where the Tenth Circuit reversed the district court's finding of complete preemption and instead concluded that five of the plaintiff's six claims failed to meet the *Davila* test. Under the first prong, the Tenth Circuit found that the five claims did not pertain to the terms of the benefit plan, but arose under two other contracts. *Id.* at 1135. The claims also failed to meet the second prong because the separate contracts governing the five claims established the existence of an independent legal duty. *Id.* In this case, however, it is abundantly clear that the Plan is regulated by ERISA, that plaintiff's lawsuit asserts rights under the Plan, and that there exists no legal duty for plaintiff's claim outside of ERISA. Plaintiff's argument that defendant has failed to adequately allege federal jurisdiction is thus without merit. (*See* Doc. 10 at 2-3). Accordingly, ERISA completely preempts plaintiff's state law claim and remand is inappropriate.

## IV.   Conclusion

For the reasons discussed, plaintiff Gary Anderson's Motion to Remand and Brief in Support (Doc. 10) is **denied**.

SO ORDERED this 24th of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a).").